### A. B. DICK CO. v. WICHELMAN.

(Circuit Court of Appeals, Second Circuit. May 7, 1901.)

### No. 142.

PATENTS—ANTICIPATION—STENCIL SHEETS.

The Dick patent, No. 562,590, for a duplicating stencil, the essential feature of which is the mixing of lard or lard oil with paraffine to form a coating for the paper of which the stencil sheet is made, was anticipated by the Broderick patent, No. 377,706, which is sufficiently broad to cover the coating of the sheet with any gummy or waxy substance, the best material for the purpose being a matter to be determined by mechanical experiment.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal from a decree of the circuit court (106 Fed. 637), which dismissed a bill in equity brought by the owner of letters patent No. 562,590, applied for December 27, 1887, and issued on June 23, 1896, to Albert B. Dick, assignor to the complainant, for an improved means for producing duplicating stencils. The bill was founded upon an infringement of the first three claims of the patent, and was dismissed on account of their invalidity.

Dyer, Edmonds & Dyer, for appellant.

Frederick A. Wichelman, pro se.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. On February 7, 1888, upon an application filed May 20, 1886, letters patent No. 377,706, for a prepared sheet for stencils, were issued to John Broderick. The present complainant became the owner of the patent, and it came before this court for examination in a bill in equity against the present defendant for an alleged infringement of its three claims, and was sus-

tained. 31 C. C. A. 530, 88 Fed. 264. The opinion of the court, after describing the waxed stencil sheets for duplicating handwritings that were in use before the date of the Broderick invention, describes the invention as follows:

"The patentee conceived the idea of employing a porous basic material for the sheet, which would not require to be cut or perforated, and coating it with a gummy or waxy substance, impervious to ink, of such a consistency that it could be displaced at the lines of impression so as to leave the inherent interstices in the paper exposed for the transmission of the ink. In his experiments with different kinds of basic materials, he found the Japanese paper known as 'yoshino' to be admirably adapted for the purpose in view, having sufficient porosity, thinness, and toughness to meet all the necessary conditions. This kind of paper had never previously been employed for stencil sheets. Among the coating substances which he tried, he found that paraffine of about 120° Fahrenheit, fusion point, was suitable. In describing the way of practicing his invention, he states that such paper and such a coating material are preferentially to be used in preparing the sheet. The patent, however, is not limited to the use of these constituents in preparing the sheet. The specification points out that any sheet of the requisite porosity, thinness, and toughness may be used, and may be coated with any gummy or waxy substance of a consistency that will yield upon pressure so as to expose the interstices of the basic material at the lines of impression without abrasion. The claims are as follows: '(1) A transmitting printing sheet, consisting of a thin, porous sheet, through which ink is readily transmitted, such as Japanese dental paper, or yoshino, filled or coated with a substance impervious to ink, as paraffine substantially as described. (2) A transmitting printing sheet, consisting of a thin, porous sheet, through which ink is readily transmitted, such as Japanese dental paper, or yoshino, filled or coated with a substance impervious to ink, as paraffine, and having this filling or coating removed at the points or lines of printing, substantially as described, for the purpose specified. (3) A prepared sheet for stencils, consisting of a sheet of Japanese dental paper, or yoshino, coated with a substance impervious to ink, substantially as described.'"

In 1887, Mr. Dick was pursuing independent investigations in search of a stencil sheet, and found that the same yoshino paper which Broderick had hit upon would, when coated with paraffine, be the required article. He also found that when the paraffine was "shortened" with lard oil a better result would be produced. He therefore applied for a patent in December, 1887, and in his specification described his alleged invention as follows:

"For preparing the stencil sheet from which the stencil is made I prefer to employ a thin, tough paper, which at the same time is very open. I have found that for this purpose the Japanese paper known as 'yoshino' in Japan, or 'dental paper' in the United States, is highly efficient; but other thin papers of equivalent openness might be employed. This paper may be coated with paraffine in the ordinary way of coating paper with paraffine for other purposes; but I have found that when this alone is done the coating is tenacious, and does not readily break when struck by the type; but, by adding to the paraffine a material which makes the coating friable, this objection is overcome. For this purpose I have found that lard or lard oil is an efficient material. When I employ paraffine as the main ingredient of the coating, I mix the paraffine and lard or lard oil preferably in the proportion of seven parts of paraffine to one part of lard or lard oil, whereby the paraffine is shortened. The paper is coated with this mixture after the manner of the usual paraffine process. The resulting coating is sufficiently tenacious to allow all ordinary handling of the paper, but is at the same time so friable that the type, in striking the surface, will break into and force the coating into the meshes of the silk bolting cloth or other covering

or backing sheet on sharply-defined lines, so that in printing the copies compare favorable in sharpness of the outline with the letters with original typewriting."

In 1896 the patent was granted, and the first three claims are as follows:

"(1) A stencil sheet or duplicating stencil of open material provided with a coating having a shortening material as an ingredient substantially as set forth. (2) A stencil sheet or duplicating stencil of open material provided with a coating of wax mixed with a shortening material, substantially as set forth. (3) A stencil sheet or duplicating stencil consisting of open material coated with a mixture of paraffine and lard oil, substantially as set forth."

Dick began to sell his prepared stencil paper in November, 1887, and thereafter, having had the Broderick patent brought to his attention, bought it, and the manufacture under both patents has been successfully continued. The question now is whether, in view of the foregoing facts, the first three claims of the Dick patent are valid. Broderick's invention was a thin, porous sheet, such as yoshino, filled with a substance impervious to ink, as paraffine. Dick's subsequent invention, made without knowledge of what Broderick had done, was a thin, open paper, such as yoshino, coated with paraffine mixed with lard oil or like material in the proportion of seven parts of paraffine to one part of lard or lard oil. Broderick's invention included the use of any gummy or waxy substance of the proper consistency. Dick found that he could make the gummy substance less tenacious by adding to the paraffine one-eighth part of lard. The mixture is gummy and waxy, is still substantially paraffine, and was the result of divers experiments to make paraffine—which was the substance apparently best adapted to coat the Japanese cloth—of the best consistency. The value and utility of the Broderick invention was dwelt upon in the record upon that patent, and the improvement which is the subject of this suit was an "advancing wave," and one which does not seem to be worthy of a monopoly. The decree of the circuit court is affirmed, with costs.